OPINION
Defendant Lewis G. Greenwood appeals a judgment of the County Court of Perry County, Ohio, convicting and sentencing him for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19, after appellant changed his plea to no-contest. Appellant had originally pled not guilty but changed his plea after the court overruled his motion to suppress evidence gathered at the traffic stop. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.
 II. THE TRIAL COURT'S DECISION TO OVERRULE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At the hearing on the motion to suppress, the State called Captain Ratliff of the New Lexington Police Department, who was on patrol in the City of New Lexington on June 2, 1997. Captain Ratliff testified he observed the appellant driving down Main Street towards Broadway and he recognized the appellant. The officer followed appellant's vehicle, and ran his license plate number. Upon learning appellant had no driving privileges, he effected a traffic stop, which ultimately resulted in the charges of drunk driving and driving without a license. Captain Ratliff testified the reason he recognized appellant and suspected he had no driving privileges was because the officer had personally arrested him on a previous OMVI. The Captain conceded it was possible appellant's driving privileges could have been restored, and that was why the Captain ran appellant's license plate before stopping his vehicle. The Captain testified he had not observed any traffic offenses at the time he determined to pull appellant over.
 I and II
Appellant asserts the traffic stop of his vehicle was unreasonable, because, at the time the officer effected the stop, he did not have a reasonable, articulable suspicion of illegal activity. Appellant characterizes Captain Ratliff's decision as based upon "a hunch" appellant's operator's license was still suspended.
In Delaware v. Prouse (1979), 440 U.S. 648, the United States Supreme Court held an officer must have an articulable and reasonable suspicion a motorist is unlicensed or that an automobile is not registered, or that the vehicle or occupant is in violation of law, in order to effect a traffic stop. The Supreme Court disapproved of the stopping of an automobile in order to check a driver's license and registration of the automobile.
Here, we find Captain Ratliff had a reasonable, articulable suspicion appellant did not have driving privileges based not only on his recognizing appellant as a person he had previously arrested, but in addition, based upon the information the Captain received when he ran appellant's license plate.
We find the trial court did not err in overruling the motion to suppress the evidence gathered. Accordingly, both the assignments of error are overruled.
For the foregoing reasons, the judgment of the County Court of Perry County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Perry County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.